**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTONIO BOGAN, R29595,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-975-DWD** |
| | ) | |
| **ZACHARY MOORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Antonio Bogan, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while incarcerated at Shawnee Correctional Center. The Complaint concerns a counselor's response to a grievance. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that on September 12, 2023, he was moved to cell 2-A-65 at Shawnee, which he quickly discovered was covered in blood and human waste. (Doc. 1 at 20). The cell was also infested with insects, it had a strong stench, black water leaked from the walls, and the vents were caked in dust, among other things. The window was drilled shut. Plaintiff sought multiple forms of recourse from Officer Irwin (a non-party to this case) all to no avail. (*Id.* at 21). Plaintiff lived in the cell for four months until it flooded and he had to be moved. (*Id.* at 22).

About two weeks into his time in the cell, Plaintiff lodged a grievance about his living conditions. He faults Defendant Moore, the correctional counselor whom he alleges received his grievance, for failing to address or resolve the grievance. (*Id.* at 22). In fact, Plaintiff alleges that Moore did not respond to the grievance for approximately 15 months after receiving it, and Moore only responded after Plaintiff filed a separate lawsuit about his conditions. (*Id.* at 22-23). Plaintiff claims that in the grievance he sought preservation of video footage, but Moore did not relay this request to authorities and footage was not preserved. (*Id.* at 23). Plaintiff alleges that due to Moore's "deliberate or negligent behavior" he will potentially be hindered in presenting his claim concerning the conditions of his confinement. (*Id.*). Plaintiff seeks monetary damages. (*Id.* at 24). In support of the complaint, he submitted a copy of the grievance which he submitted September 29, 2023. (*Id.* at 25-26). The grievance was stamped as received by clinical services on October 2, 2023, and Moore provided a counselor's response on January 15, 2025. (*Id.*).

Here, Plaintiff's claim may not proceed because under controlling Seventh Circuit precedent, the mere processing of a grievance without any role in the underlying issue is generally insufficient to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, so the alleged mishandling of Owen's grievances by persons who did otherwise did not cause or participate in the underlying conduct states no claim."). Plaintiff's sole theory is that Moore harmed him by either negligently or deliberately failing to promptly process and address his grievance. This is not the same as alleging Moore actually participated in the underlying cell conditions. Additionally, to the extent that Moore's actions were merely negligent, negligence does not form a basis for liability under § 1983.

Furthermore, as Plaintiff indicated, he already has an ongoing lawsuit against Officer Irwin concerning the conditions of his confinement. *Bogan v. Irwin*, Case No. 24-cv-2377-MAB (S.D. Ill.). A brief review of the docket sheet reveals that Defendant Irwin did not pursue the affirmative defense of failure to exhaust administrative remedies, and the case is now at the merits summary judgment phase. This procedural posture means that Moore's failure to timely process the grievance did not preclude Plaintiff from pursuing his Eighth Amendment claim about conditions. At most, Plaintiff has a lingering concern about the preservation of video footage, but a claim about preservation of evidence has no basis under § 1983 as a freestanding lawsuit.

For the foregoing reasons, the Court finds that Plaintiff's complaint is insufficient to state a claim. Though the Court regularly invites amended pleadings from pro se

litigants, the Court is not required to invite an amended pleading where it would be entirely futile. *See e.g.*, *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). Here, there is no set of facts that Plaintiff could re-plead concerning Defendant Moore's actions that would amount to a viable claim under § 1983, thus inviting an amended complaint would be entirely futile. This case will now be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A, and Plaintiff shall be assessed a strike under 28 U.S.C. § 1915(g).

## Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.10.15 09:15:10 -05'00'

DAVID W. DUGAN
United States District Judge